IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NENA LASHAY BENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2094-BN |
| | § | |
| PHILLIPA NORWOOD AND | § | |
| NANA'S CHILD CARE, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants Phillipa Norwood and Nana's Child Care filed a Motion for Attorneys' Fees. *See* Dkt. No. 45. And Plaintiff Nena Leshay Benson filed a response. *See* Dkt. No. 46.

For the reasons explained below, the Court denies Defendants' Motion for Attorneys' Fees [Dkt. No. 45].

### **Background**

Plaintiff Nena Leshay Benson's remaining claim for race and color discrimination under Title VII of the Civil Rights Act of 1964 against Defendants Phillipa Norwood and Nana's Child Care was tried to a jury on December 16, 2024. After hearing the evidence, the jury rendered a verdict on December 16, 2024 in favor of Defendants. *See* Dkt. No. 40.

Based on that jury verdict and Benson's abandoning her other claim before the start of the jury trial, the Court entered an Amended Final Judgment stating that Benson shall take nothing by this suit against Norwood and Nana's Child Care and that Benson's claims against them were dismissed with prejudice. *See* Dkt. No. 44. And

the Court stated that it would decide any claim for attorneys' fees on postjudgment motions under Federal Rule of Civil Procedure 54(d)(2). *See id.*

## Legal Standards & Analysis

Defendants seek an attorneys fees' award of $5, 625.00. *See* Dkt. No. 45 at 2. And Defendants contend that they are entitled to attorneys' fees because they are "the prevailing defendant in a suit under the Civil Rights Act." *Id.* at 2.

In response, Benson argues that Defendants are not entitled to fees "simply because they prevailed" because they are also required to show that plaintiff's claim was "frivolous, unreasonable, or groundless or was brought in bad faith or for purpose of harassment." *Id.* at 1-2.

Benson applies the correct standard to defendants in prevailing in Title VII actions like the one here.

"Although the Court has not articulated a precise test for when a defendant is a prevailing party, in the Title VII context it has addressed how defendants should be treated under the second part of the inquiry—whether the district court should exercise its discretion to award fees to the prevailing party." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422-23 (2016).

And "[w]hen a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, (1978)).

And, so, the Court agrees with Benson that, in order to recover attorneys' fees,

Defendants need to show that plaintiff's claim was frivolous, unreasonable, groundless, or that plaintiff continued to litigate after it clearly became so.

Defendants' motion does not provide any support for why Benson's claim might have been frivolous, unreasonable, or groundless, and Defendants seem to rely on the argument that they are entitled to attorneys' fees because they prevailed at trial.

But "[a] finding of frivolousness, unreasonableness, or groundlessness cannot obtain simply because the 'plaintiff did not ultimately prevail.'" *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510 (4th Cir. 2012) (quoting *Christiansburg*, 434 U.S. at 422)).

And, so, because Defendants have not shown that Benson's claim was frivolous, unreasonable, or groundless, the Court denies Defendants' request for attorneys' fees.

## Conclusion

The Court denies Defendants' Motion for Attorneys' Fees [Dkt. No. 45].

SO ORDERED.

DATED: April 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE